Ronald Wilcox, State Bar No. 176601
Attorney at Law
2160 The Alameda, Suite F, 1st Floor
San Jose, California 95126
Telephone Number: (408) 296-0400
Facsimile Number: (408) 296-0486

Attorney for Plaintiff TERESA MASHACK

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| TERESA MASHACK,<br><br>                        Plaintiff,<br><br>v.<br><br>SYSTEMATIC NATIONAL<br>COLLECTIONS, INC. and M. STONE,<br><br>                        Defendants. | Case No. _____<br><br>**COMPLAINT** |

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1.   This is an action for damages brought by consumers for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq. (hereinafter "state Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.  Plaintiff alleges that Defendant sent letters that were false, deceptive, and misleading, in violation of the debt collection laws.

2. According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II.  JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.  Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

## III.  PARTIES

4. Plaintiff TERESA MASHACK (hereinafter "Ms. Mashack") is a natural person residing in San Jose, California.

5. Ms. Mashack is a "consumer" as defined by 15 U.S.C. § 1692a(3) and is a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

6. Defendant SYSTEMATIC NATIONAL COLLECTIONS, INC. (hereinafter "Defendant

Collector") is a corporation in the State of California that regularly attempts to collect debts owed another with its principal place of business of 1070 S. Santa Fe, Suite 23, Vista, CA 92083.

7. Defendant Collector is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code 1788.2.

8. Defendant M. STONE (hereinafter "Defendant Stone") is an employee of Defendant Collector and regularly attempts to collect debts owed another.

9. Defendant Stone is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code 1788.2.

10. Plaintiff alleges that at all times herein mentioned, each Defendant was, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or representative capacity with the permission, knowledge, consent and ratification of the other Defendants.

11. Any reference hereinafter to "Defendant" or "Defendants", without further qualification is meant by the Plaintiff to refer to each Defendant named above.

## IV. FACTUAL ALLEGATIONS

12. Ms. Mashack incurred a consumer obligation to Competitive Communications, for personal, family or household purposes. The debt, in the alleged amount of $97.89, was a result of a consumer credit transaction.

13. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to the Plaintiff, the debt was sold, assigned or otherwise transferred to Defendant Collector.

14. On or about November 15, 2005, Defendants sent a collection letter to Ms. Mashack addressed to her home address, in an attempt to collect a debt or collect payment on a debt.

15. A true and accurate copy of the November 15, 2005 collection letter from Defendants to Plaintiff is attached hereto, marked **Exhibit 1**, and by this reference is incorporated herein.

16. **Exhibit 1** referenced:

    Re: Competitive Communications
    Acct:#           (408) 445-5431
    Principal:       $ 95.42
    Interest:        $0.10
    Total Amount:    $ 95.52

17. **Exhibit 1** stated in part:

"Your account has been legally assigned to Systematic National Collections, Inc."

"…we are allowed by law to charge you 10% interest on the principal balance owed.  If you do not pay this debt as soon as possible, it may lead to the damage of your credit and will cause the collection process to continue."

"Please send you payment in full to Systematic National Collections, Inc. today to ensure no further action on this account.  Or contact us at (760) 726-9684 or (888) 409-9684."

"Unless you notify this office within thirty (30) days from the receipt of this notice that you dispute this debt or any portion thereof, this office will assume that the debt is valid…"

18. The signature line of **Exhibit 1** contained the facsimile signature of "M. Stone". (Defendant Stone herein).

19. **Exhibit 1** contradicted the 30-day validation notice by demanding payment in full "today" from Ms. Mashack.

20. **Exhibit 1** falsely threatened imminent action not intended and not taken within the time

COMPLAINT - 4

frame threatened.

21. **Exhibit 1** contains false, misleading, and deceptive statements in an attempt to collect a debt or collect payment on a debt.

22. **Exhibit 1** created a false sense of urgency.

23. On or about December 19, 2005, Defendants sent another collection letter to Ms. Mashack addressed to her home address, in an attempt to collect a debt or collect payment on a debt.

24. A true and accurate copy of the December 19, 2005, collection letter from Defendants to Plaintiff is attached hereto, marked **Exhibit 2**, and by this reference is incorporated herein.

25. **Exhibit 2** stated:

"We have already been legally assigned your account and will continue to pursue collection."

"It is in your best interest to take care of this debt immediately so that you may avoid further collection activities and additional interest charges on the balance owed.  By not paying your debt, you are jeopardizing your credit."

"Please mail your payment to Systematic National Collections, Inc. today or contact us at (760) 726-9684 or (888) 409-9684."

26. The signature line of **Exhibit 2** contained the facsimile signature of "M. Stone". (Defendant Stone herein).

27. On or about January 4, 2006, Defendants sent another collection letter to Ms. Mashack addressed to her home address, in an attempt to collect a debt or collect payment on a debt.

28. A true and accurate copy of the January 4, 2006, collection letter from Defendants to Plaintiff is attached hereto, marked **Exhibit 3**, and by this reference is incorporated

herein.

29. **Exhibit 3** stated:

"If you continue to ignore our requests to pay, you are putting your future credit rating in serious jeopardy and are forcing us to consider further collection efforts against you."

"Systematic National Collections, Inc. has every intent to collect this debt for our clients. I strongly urge you to pay this account in full without delay to avoid continued collection efforts."

"Please mail your payment immediately to Systematic National Collections, Inc. to avoid any unnecessary hardships…"

30. The signature line of **Exhibit 3** contained the facsimile signature of "M. Stone". (Defendant Stone herein).

31. On or about January 17, 2006, Defendants sent another collection letter to Ms. Mashack addressed to her home address, in an attempt to collect a debt or collect payment on a debt.

32. A true and accurate copy of the January 17, 2006, collection letter from Defendants to Plaintiff is attached hereto, marked **Exhibit 4**, and by this reference is incorporated herein.

33. **Exhibit 4** stated:

"Because we have not received payment in full from you we will continue to use every collection procedure, which is within legal means to collect on your debt."

34. The signature line of **Exhibit 4** contained the facsimile signature of "M. Stone". (Defendant Stone herein).

35. On or about February 14, 2006, Defendants sent another collection letter to Ms. Mashack addressed to her home address, in an attempt to collect a debt or collect payment on a debt.

36. A true and accurate copy of the February 14, 2006, collection letter from Defendants to

Plaintiff is attached hereto, marked **Exhibit 5**, and by this reference is incorporated herein.

37. **Exhibit 5** stated:

"We have not received payment on your account. If you continue to refuse payment, we may report this account to the three major nationwide credit bureaus, Trans Union, Equifax, and Experian. This action could negatively impact your future financial dealings."

38. The signature line of **Exhibit 5** contained the facsimile signature of "M. Stone". (Defendant Stone herein).

39. Defendant Collector did not sue Ms. Mendoza immediately as threatened nor did Defendants intend to within the time frame threatened.

40. Defendants sent **Exhibits 1, 2, 3, 4 and 5** to 40 or more persons in California in the one-year preceding the filing of this complaint. Plaintiff may seek to amend to add class allegations at a later time.

## V. FIRST CAUSE OF ACTION
### (Federal Fair Debt Collection Practices Act 15 U.S.C. § 1692)

41. Plaintiff incorporates by reference each and every paragraph alleged above.

42. Defendants violated 15 U.S.C. § 1692 et seq., attempting to collect a debt through unfair and deceptive means, including but not limited to, 15 U.S.C. § 1692e, 1692e(5), 1692e(10), and 1692g.

43. Defendants violated 15 U.S.C. § 1692e, 1692e(5), and 1692e(10) by falsely threatening imminent action not intended and not taken within the time frame threatened, including legal action.

44. Defendants violated 15 U.S.C. § 1692e and 1692e(10) by using false, deceptive, and misleading statements in its collection letters to Ms. Mashack.

45. Defendants violated 15 U.S.C. § 1692e and 1692e(10) by creating a false sense of

urgency.

46. Defendants violated 15 U.S.C. § 1692g by contradicting the 30-day validation notice by demanding Ms. Mashack make an immediate payment in full.

## VI. SECOND CAUSE OF ACTION
### (California Fair Debt Collection Practices Act Civil Code § 1788)

47. Plaintiff incorporates by reference each paragraph alleged above.

48. Defendants violated the state Act. Defendants' violations of the state Act include, but are not limited to those mentioned in the paragraphs below.

49. Defendants' violated Cal. Civil Code § 1788.13(j) by falsely threatening a lawsuit was about to be filed against Ms. Mashack.

50. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

51. Defendants violated Cal. Civil Code § 1788.17, which provides that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of § 1692b to 1692j and shall be subject to the remedies of § 1692k of Title 15 of the United States Code.

52. Pursuant to Cal. Civil Code 1788.32, the remedies under Civil Code are intended to be cumulative and in addition to any other remedies under any other law.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

A. Declare the Defendants' conduct violated the FDCPA and Cal. Civil Code 1788.

B. Statutory damages pursuant to Cal. Civil Code § 1788.17, 1788.32, and 15 U.S.C. § 1692k.

C.  Costs and reasonable attorney's fees pursuant to Cal. Civil Code § 1788.17, 1788.32, and 15 U.S.C. § 1692k.

D.  Grant such other and further relief as it deems just and proper.

Respectfully submitted,

_____                    _____
Ronald Wilcox, Attorney for Plaintiff                                Date

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____                    _____
Ronald Wilcox, Attorney for Plaintiff                                Date